ARNOLD BRUCKNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97507.   Promulgated June 5, 1940.

*Arnold Bruckner* pro se.
*Joe D. Hughes, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: Article 254 (4) of Regulations 94 denominates the Panama Canal Zone a possession of the United States. By article 251 (1) of Regulations 94, the respondent has construed the salary of the petitioner as a member of the civil personnel of the United States for services rendered in the Panama Canal Zone to represent income derived from the active conduct of a trade or business within a possession of the United States and thus to come within the purview of section 251 of the Revenue Act of 1936.[1] The problem then is to determine how the provisions of section 251 (a) (1) shall be applied to the stipulated facts.

The percentage requisites designated in subsections (1) and (3) are conjunctive—the petitioner must derive 80 percent of his gross

[1] SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

\* \* \* \* \* \* \*

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

(b) AMOUNTS RECEIVED IN UNITED STATES.—Notwithstanding the provisions of subsection (a) there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States.

[NOTE.—Subsequent paragraphs relate to deductions and credits.]

income for the period described and also 50 percent of such income must arise from the active conduct of a trade or business, both within a possession of the United States. *John W. Haussermann*, 23 B. T. A. 378; affd., 63 Fed. (2d) 124; certiorari denied, 289 U. S. 729. Since all of the income which the petitioner received within the Canal Zone was derived from his services as a member of the civil personnel of the United States and therefore, from the active conduct of a trade or business, no question arises under section 251 (a) (3).

The first issue scarcely deserves comment. The fortuitous circumstance that the petitioner happened to be on a vacation out of the Canal Zone on December 31, 1937, has no bearing whatever on the situation. He was still under a permanent appointment as assistant comptroller of the Panama Canal, he returned to his duties as such in due time, and he expects to continue indefinitely his employment and residence in the Canal Zone. There is nothing in the act which requires the taxpayer to be physically present in a possession of the United States on the last day of the taxable year in order to enable him to exclude his income derived from sources within such possession, nor can we conceive that such a requirement could or would be exacted. The statute limits the petitioner's gross income to that derived from sources within the United States if he satisfies certain "conditions." Presence in the possession on the last day of the taxable year is not one of them. The suggested holding is arbitrary and capricious.

There remains, therefore, the primary question to be answered— under the facts before us, how should the statutory language "for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable)" be construed?

The respondent's position is that the part of the three-year period "applicable" begins with the date on which the petitioner first engaged in conducting a trade or business in the possession, or August 27, 1935, and extends to the end of the taxable year, December 31, 1937. However, this theory ignores one important fact: The petitioner received a temporary appointment as assistant to the Comptroller of the Panama Canal and served in that capacity until February 17, 1936. On that day he returned to the United States and was employed and resided there until December 29, 1936. The record does not reveal the circumstances or character of his employment or position during that period but, obviously, it was not that of a civilian employee of the Panama Canal. His temporary appointment in the Canal Zone terminated on the day he left the possession.

The petitioner returned to the Canal Zone on December 29, 1936, under a permanent appointment as an assistant comptroller, a position quite different from that which he occupied earlier in that year

and one which he expects to hold indefinitely. The continuity of his employment as assistant to the comptroller (held by the respondent to be a trade or business) was thus effectively and conclusively broken when he left the Canal Zone and should not be taken into consideration in determining the portion of the three-year period applicable to the case at bar.

The language of the statute is, "immediately preceding the close of such taxable year as may be applicable." The period from August 27, 1935, to February 17, 1936, must be excluded for the reasons above stated. During the period from February 17 to December 29, 1936, the petitioner resided and was employed in the United States. Hence, the applicable period is that *immediately* preceding December 31, 1937, the close of the taxable year, or from December 29, 1936, to December 30, 1937, inclusive.

Of the petitioner's total gross income ($7,657.79) received by him during the year 1937, $7,126.39 was paid to him as an employee of the Panama Canal. The amount so paid to him for the last three days of 1936 is negligible. He thus satisfied the conditions imposed by section 251 and income so derived is not includible in his gross income for the year 1937. His act in setting forth in his return, Form 1040 E, for that year, the amounts received by him in 1935, 1936, and 1937 is wholly immaterial to the issue. In cases such as this, decisions are controlled, not by the inclusion in the taxpayer's return of unnecessary data nor by his misconception of their tax significance, but by the applicable facts.

*Decision will be entered for the petitioner.*