JULIAN LARCOMBE SCHLEY, MRS. DENISE VARY SCHLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99404.    Promulgated July 31, 1940.

*J. Nelson Anderson, Esq.,* for the petitioners.
*Chester A. Gwinn, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner determined a deficiency in the income tax of petitioners for the calendar year 1936 in the amount of $781.50. All of the facts have been stipulated.

The petitioners are husband and wife, at present residing in Washington, D. C. They filed a joint return of income for the year 1936 with the collector of internal revenue for the district of Maryland and paid the tax shown to be due. They also filed Form 1040E, "Schedule for Citizen Entitled to Benefits of Section 251," copy of which is attached to the stipulation.

Petitioner Julian Larcombe Schley for more than thirty-five years has been a commissioned officer of the United States Army and is now

a Major General. By order of the War Department he was stationed in the Panama Canal Zone (Governor of the Panama Canal) for a period of more than three years prior to August 28, 1936. He was detached from duty in the Panama Canal Zone by order effective August 27, 1936, and was stationed in the United States, where he remained during the balance of the calendar year 1936.

Petitioners, being of the opinion that they were required to report as gross income for 1936 "only gross income from sources within the United States" because of the provisions of section 251 (a) of the Revenue Act of 1936,[1] did not include therein $8,124, said amount being the income "from sources within a possession of the United States", realized by them between January 1 and August 27, 1936.

For the calendar years 1934 and 1935, petitioners' gross income from all sources was $9,190.93 and $12,707.21, respectively, of which $9,159.18 and $9,840.19, respectively, was from sources within the Panama Canal Zone. From January 1 to and including August 27, 1936, petitioners' gross income from all sources, exclusive of capital gains or losses, was $8,439.32, of which $7,392.15 was from sources within the Panama Canal Zone. For that period, petitioners realized a capital net loss of $1,068.94, of which $315.32 was recognizable loss. During the period from August 28 to December 31, 1936, inclusive, petitioners' gross income, exclusive of capital gains or losses, was $2,591.19. For that period, petitioners had capital net gains of $10,876.72, of which $8,691.42 was taxable.

Respondent concedes that the term "possession of the United States" as used in section 251 (a), *supra*, includes the Panama Canal Zone; that General Schley's salary, which was received as compensation paid by the United States to a commissioned officer for services rendered within a possession of the United States, represents income derived from the active conduct of a trade or business within a possession of the United States; and that petitioners have met the requirements of subsection (3) of section 251 (a). The sole question for determination therefore is whether or not petitioners have met the

---

[1] SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

(2) If, in the case of such corporation, 50 per centum or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States; or

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

requirements of subsection (1) of section 251 (a), *supra*, the parties agreeing that both subsection (1) and subsection (3) must be met. *John W. Hauserman*, 23 B. T. A. 378; affd., 63 Fed. (2d) 124; certiorari denied, 289 U. S. 729.

Petitioners compute their net income for 1936 thus:

Period from Aug. 26, 1936, to Dec. 31, 1936, incl.:

| | |
|---|---|
| Gross Income | $2,591.19 |
| Taxable Capital Net Gains | 8,691.42 |
| | $11,282.61 |

The $8,124 excluded by them under section 251 (a), *supra*, is the difference between the gross income derived from all sources during the period January 1 to August 27, 1936 ($8,439.32), and the recognizable capital loss ($315.32) realized during that period. They apply subsection (1) of the statute as follows:

| Period | Gross income from all sources | Gross income from sources Panama Zone |
|---|---|---|
| Calendar year 1934 | $9,190.93 | $9,159.18 |
| Calendar year 1935 | 12,707.21 | 9,840.19 |
| January 1 to Aug. 27, 1936 | 8,124.00 | 7,392.15 |
| Total | 30,022.14 | 26,391.52 |

$26,391.52 being more than 80 percent of $30,022.14, they contend that the $8,124 was properly excluded.

The Commissioner applies subsection (1) as follows:

| Period | Gross income from all sources | Gross income from sources Panama Zone |
|---|---|---|
| Calendar year 1934 | $9,190.93 | $9,159.18 |
| Calendar year 1935 | 12,707.21 | 9,840.19 |
| Calendar year 1936 | [1] 19,406.61 | 7,392.15 |
| Total | 41,304.75 | 26,391.52 |

[1] Jan. 1, 1936, to Aug. 27, 1936, gross income from all sources exclusive of capital gains or losses__ $8,439.32
Aug. 28, 1936, to Dec. 31, 1936, gross income from all sources exclusive of capital gains or losses_____ 2,591.19

11,030.51

Taxable net gains, 8/28/36 to 12/31/36_____ $8,691.42
Less recognizable losses 1/1/36 to 8/27/36_____ 315.32

8,376.10

19,406.61

$26,391.52 being less than 80 percent of $41,304.75, he contends that subsection (1) of section 251 (a) has not been met.

It is obvious that the issue may be resolved by correctly interpreting section 251 (a) (1), *supra*, and especially the parenthetical clause thereof reading "or for such part of such period immediately preceding the close of such taxable year as may be applicable." This clause has formed a part of the section ever since it first appeared as section

262 of the Revenue Act of 1921. In 1924 the Commissioner published the following ruling (I. T. 1973, III–1, C. B. 376):

If a taxpayer has been conducting a trade or business in a possession of the United States for a number of years preceding the close of his taxable year December 31, 1923, the three-year period applicable to his case is the period January 1, 1921, to December 31, 1923. If his income derived from sources in the possession during that period satisfies the 80 per cent and the 50 per cent conditions of section 262 he is entitled to the benefits of that section. If, however, the taxpayer has been conducting a business in this possession for less than three years, the period that is applicable to his case is the period preceding the close of his taxable year that he was engaged in conducting a business there. In such case the 80 per cent condition and the 50 per cent condition must be satisfied with respect to his income during this period.

Respondent contends that the ruling is reasonable, is consistent with the statute, and should be followed in the instant proceeding. He argues that a three-year period beginning January 1, 1934, and ending December 31, 1936, must be taken into consideration notwithstanding the fact that petitioners returned to the United States four months earlier. Petitioners contend that such construction of the statute is clearly erroneous; that it in effect ignores some of the words deliberately used in the parenthetical clause, especially "such *part* of such period as *may be applicable*"; and that it is just as unreasonable to construe the section as requiring that the period terminate at the end of the taxable year as it would be to construe it as requiring that the period begin on the first of January. In connection with the last contention they call attention to the fact that the Commissioner's regulations recognize that the *applicable period* does not begin until the taxpayer begins "the active conduct of a trade or business within a possession of the United States." (See example, art. 251–1, Regulations 94.)

The ruling relied upon by the respondent is somewhat ambiguous, being susceptible not only to the construction urged by him, but also to the interpretation placed upon it by petitioners. We are of the opinion that the construction urged by the petitioners is the more reasonable. We are also of the opinion that if the ruling was intended to be as now interpreted by the respondent, it is not a proper interpretation of the statute. In our opinion section 251 (a) was intended to apply to two classes of taxpayers, viz., (1) taxpayers who had derived income from a trade or business conducted within a possession of the United States for three years immediately preceding the close of the taxable year; and (2) taxpayers who had conducted a trade or business within a possession of the United States for only a *part* of the three-year period immediately preceding the close of the taxable year. The parenthetical clause was intended to cover the second class of taxpayers. As we interpret it, the words "for such *part* of such period" refer to such part of "the three-year period" pre-

viously mentioned in section 251 (a) and the phrase "as may be applicable" refers to the portion of the "three-year period" preceding the close of the taxable year during which income was derived from sources within a possession of the United States. It follows that any period immediately preceding the close of the taxable year during which no income was derived from sources within a possession of the United States is not a part of the applicable period and income received during such a period should not be included in determining whether or not the 80 percent requirement has been met. Cf. *Arnold Bruckner*, 42 B. T. A. 3.

Applying this interpretation of the statute to the facts before us, we find that petitioners did not derive income from a source within a possession of the United States during the entire three-year period immediately preceding the close of the taxable year, December 31, 1936. It follows, therefore, that if they are entitled to any exclusion from gross income, it must be because of the provisions of the parenthetical clause. Inasmuch as it appears that for a part of the three-year period immediately preceding the close of the taxable year, viz., January 1, 1934, to August 27, 1936, inclusive, they did derive income from sources within a possession of the United States, which was more than 80 percent of their gross income from all sources for such part of the three-year period, they are entitled to exclude such part of this income as was received during the year 1936 in computing their taxable net income for that year.

*Judgment will be entered for the petitioners.*